**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Johnny MAJORS, Defendant-Appellant.**

No. 78–5214

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Nov. 17, 1978.

Seymour London, North Miami, Fla., for defendant-appellant.

Jack V. Eskenazi, U. S. Atty., Thomas M. Sherouse, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before GOLDBERG, AINSWORTH and HILL, Circuit Judges.

PER CURIAM:

Appellant Majors appeals from his conviction on three counts. Count 1 charged

* Rule 18, 5 Cir.;  *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

conspiracy to distribute heroin in violation of 21 U.S.C. § 846. Count 2 charged possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Count 3 charged distribution of heroin in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Upon conviction, appellant was sentenced to custody and a special parole term on each count. Each sentence was the same and each was to run concurrently with the others.

Strong circumstantial evidence linking appellant with a heroin transaction through a Mr. Coby to undercover drug enforcement officers and a confidential informant was furnished by the testimony of the drug enforcement officers. Furthermore, Coby, who had previously entered a guilty plea to narcotics charges growing out of the same transaction, testified, giving direct evidence (not hearsay) of appellant's participation in the transaction. Although Coby was subjected to vigorous and skillful cross-examination designed to discredit his testimony, it never changed and the jury apparently found him to be a credible witness.

 Coby's testimony on direct was substantiated by the testimony of his former attorney to the effect that Coby's version of the transaction, given to this attorney shortly after he was arrested, was entirely consistent with the testimony he had given on the witness stand. This testimony was properly admitted. Rule 801(d)(1)(B) Federal Rules of Evidence. It was not tendered nor admitted as the otherwise hearsay declaration of a coconspirator.

We have carefully examined appellant's contentions. While appellant urges that the evidence, leaving out the testimony of Coby, would have been insufficient for conviction, we need not address that contention because the testimony of Coby was taken and was clearly sufficient. In his testimony, Coby described in careful detail the personal participation of Majors in selling the heroin. Evidence of Majors' participation in a conspiracy, though less than that of his possession and distribution, was nevertheless sufficient. Coby, who admitted to having visited appellant's residence on a number of occasions, not socially, testified that on this occasion, when he first addressed appellant, he merely said, "I want to get two ounces," whereupon appellant produced the heroin. We need not address the concurrent sentence doctrine, for we find that the evidence was sufficient for conviction on all three counts.

It was proper for the court to leave it up to the jury, under proper instructions, to evaluate the credibility of Coby and to evaluate the weight of appellant's attempted alibi evidence. While not necessary to a conviction, the testimony of Coby was corroborated by the testimony of the agents.

For the foregoing reasons, the conviction on all three counts is

AFFIRMED.